UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON BENJAMIN KINNEY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GAVS AUTO SERVICE, et al.,<br><br>　　　　Defendants. | Case No.16-cv-03480-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: ECF No. 31 |

Before the Court is Defendant Joan Borgwardt's motion to dismiss Plaintiff Harrison Benjamin Kinney's complaint, which asserts an Americans with Disabilities Act of 1990 ("ADA") claim and three related state law claims. ECF No. 31. Because Defendant lacks standing to bring his ADA claim, and because the Court declines to exercise supplemental jurisdiction over the remaining state law claims, the Court grants Defendant's motion without leave to amend.

**I.   BACKGROUND**

On or about February 5, 2015, April 9, 2015, and June 11, 2015, Plaintiff and his friend Patrick Connally, who requires the use of a wheelchair to travel, visited Gav's Auto Service. ECF No. 1 ("Compl.") ¶¶ 7, 19. During the first two visits, Plaintiff and Connally encountered various architectural barriers at the gas station: "no van accessible parking," "the men's restroom was not accessible," "the entry door [to the restroom] was too narrow," and "elements inside the restroom such as the grab bars were not present." Id. ¶¶ 20-21.

On the first visit, Connally struggled to enter the restroom, was unable to use the restroom once inside, and experienced difficulty getting out. Id. ¶ 21. In assisting Connally, Plaintiff "struggled with Patrick Connally in his wheelchair to extricate him from the restroom," which was "awkward and embarrassing" for both individuals as well as "difficult for [Plaintiff] causing him stress/strain." Id. Additionally, Plaintiff "suffers from severe brain injury, one symptom being

'perseveration' when confronted or having an adverse reaction to architectural barriers which serve as stimuli which he knows should have been removed"; "after leaving [a] public accommodation he continues to be angered, annoyed, hostile, anxious and is obsessed with the existence of architectural barriers." Id. ¶ 8. Plaintiff's experience on February 5, 2015 "increased [his] condition of perseveration including but not limited to mental discomfort." Id. ¶ 21.

During the second visit, Connally opened the door to the restroom and saw that it remained inaccessible. Id. As a result, Connally did not attempt to enter the restroom. Plaintiff "saw the[] same architectural barriers and experienced symptoms of perseveration including but not limited to mental discomfort, annoyance, and disappointment." Id.

On the final trip, Connally saw that no changes were made to the men's restroom. Id. ¶ 26. While the women's restroom had the wheelchair ISA symbol, it was still difficult for Connally to use. Id. For example, the entry door was too narrow, the grab bars were misplaced, there was no strike side upon leaving the restroom, the placement of the trash receptacle made it hard to open the door, the toilet seat covers were unreachable because they were located behind the water closet, and Connally felt awkward using the women's restroom. Id. Plaintiff alleges that after the visits, he and Connally were "deterred" from returning because they "fear[ed]" encountering the architectural barriers. Id. ¶ 27.

On June 22, 2016, Plaintiff filed this suit against Gav's Auto Service; KGA Business Consultants, Inc., operator of the gas station; and Joan Borgwardt, landlord of the subject property. ECF No. 1.[1] Plaintiff asserts four claims: violations of (1) the ADA, 42 U.S.C. § 12101, *et seq.*; (2) California Civil Code §§ 54, 54.1, and 54.3; (3) California Health & Safety Code § 19955, *et seq.*; and (4) the Unruh Civil Rights Act, California Civil Code § 51, *et seq.* On October 27, 2016,

---

[1] Connally previously filed a similar suit on July 28, 2015, captioned Connally v. Gav's Auto Service, et al., Case No. 15-cv-03468. However, Connally passed away in February 2016. ECF No. 30. Connally's brother subsequently moved to substitute himself as Plaintiff, but the Court denied that motion because Connally's brother is not disabled and therefore does not have standing to bring an ADA claim. Id.; see also ECF No. 34 (adopting Judge Corley's report and recommendation in full). The Court also denied Connally's brother's motion to amend the complaint to add Kinney as a Plaintiff, finding that Kinney did not have standing to bring an ADA claim under the facts of this case because "[t]he architectural barriers here did not cause Mr. Kinney any injury-in-fact due to his mental disability; rather, his alleged injury came as a result of watching [Connally] struggle with the barriers." ECF No. 30 at 5.

1  Defendant Borgwardt filed the present motion to dismiss the complaint pursuant to Federal Rule
2  of Civil Procedure 12(b)(1). ECF No. 31. Defendant argues that the Court should dismiss
3  Plaintiff's suit for lack of subject matter jurisdiction because Plaintiff has failed to establish
4  standing. Id. The Court now considers this motion.

## II.   JURISDICTION

The Court has federal question jurisdiction over the ADA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move to dismiss an action for lack of subject-matter jurisdiction. In order to invoke federal subject-matter jurisdiction, a litigant must demonstrate standing to bring a claim. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 559-60 (1992). There are three requirements to establish standing: (1) "the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant and not . . . th[e] result [of] the independent action of some third party not before the court"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 560-61 (citations and internal quotation marks omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . ." Id. at 561.

Upon dismissal of a federal claim for lack of standing, a district court has "no authority to retain [supplemental] jurisdiction over . . . state law claims." Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2002) (citing 28 U.S.C. § 1367(a)).

## IV.   DISCUSSION

### A.   ADA Claim

In the context of the ADA, a plaintiff satisfies the "injury in fact" element when an accessibility barrier "affects the plaintiff's full and equal enjoyment of the facility *on account of his particular disability*." Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 947 (9th Cir.

2011) (emphasis added); see also id. at n.4 (explaining that while a blind person would have standing to assert an ADA violation where a facility has elevators lacking floor buttons in Braille, a person who requires the use of a wheelchair for mobility, but who can see and press floor buttons, would not). Here, while the narrow entry door to the restroom and lack of grab bars at Gav's Auto Service affected Connally's ability to access the restroom, the barriers did not cause Kinney—who does not require a wheelchair for mobility—any injury-in-fact due to his mental disability. See Compl. ¶¶ 20-21 (describing the architectural barriers at Gav's Auto Service).

Similarly, there is no "causal connection" between the injury and the architectural barriers such that the injury is "fairly . . . trace[able] to the challenged action of the defendant." Lujan, 504 U.S. at 560. In Kinney v. Café Golo, where Kinney brought suit after witnessing Connally struggle with a restaurant's architectural barriers, the court reasoned that Kinney failed to satisfy the causation prong because "[o]nly upon seeing Connally struggle with the restaurant's barriers did Kinney suffer a mental injury." No. 16-cv-03453-RS (N.D. Cal. Sept. 26, 2016). Indeed, "[h]ad Kinney attended Café Golo alone—or with a non-disabled companion, or even with a disabled companion who was nonetheless unaffected by the restaurant's architectural barriers—he would have experienced no injury." Id. Here, Kinney's mental injury was not fairly traceable to the restroom's barriers; rather, his injury resulted from *Connally's* struggles with the gas station's architectural barriers. See Compl. ¶¶ 21, 26 (detailing Connally's encounters with the barriers). Plaintiff argues that the "architectural barriers affected him personally and caused him to perseverate," but this argument is unavailing in light of his own description of the events at Gav's Auto Service. See ECF No. 32 at 5. Plaintiff asserts: "Mr. Kinney observed Mr. Connally having to struggle to overcome the architectural barriers . . . . Mr. Kinney had to help his friend Patrick when he became stuck in the restroom . . . . Assisting Patrick caused Mr. Kinney strain, stress, and embarrassment." Id. Kinney therefore suffered injuries only as a result of Connally's struggles, and had Kinney went to the gas station alone or with another person unaffected by the gas station's barriers, he would have experienced no injury.

Finally, it is not likely that a favorable decision will redress Kinney's injury. In Rodriguez v. Barrita, Inc., the plaintiff, who required a wheelchair for mobility, lacked standing to challenge

4

a restaurant's stairway-related barriers. 10 F. Supp. 3d 1062, 1076 (N.D. Cal. 2014).  The court reasoned that, "[b]ecause [the plaintiff] cannot demonstrate that the stairway safety barriers relate to his particular disability, he cannot demonstrate an 'injury-in-fact' that can be redressed by court order."  Id.  Additionally, in Connally v. Gav's Auto Service, involving the same facts as the present case, the redressability requirement was missing because "[e]ven if [the defendants] remove the alleged barriers, Mr. Kinney could return to their gas station and suffer the same mental distress as a result of something else disturbing unrelated to the barriers."  No. 15-cv-03468-JSC (N.D. Cal. June 21, 2016), adopted by No. 15-cv-03468-JST (N.D. Cal. July 21, 2016). The reasoning of Connally v. Gav's Auto Service applies here.  As such, because Kinney fails to demonstrate that the gas station's architectural barriers relate to his mental disability, a court order targeting the barriers is unlikely to redress his mental injury.

Because Kinney fails to establish that he has suffered an injury in fact, that there is a causal connection between the injury and challenged action of Defendant, and that it is likely a court order will redress his injury, Kinney does not have standing to bring his ADA claim.[2]

### B.  State Law Claims

As Plaintiff has no standing to bring an ADA claim, leaving the Court no basis for federal question jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  See Scott, 306 F.3d at 664 (citing 28 U.S.C. § 1367(a)) (stating that upon dismissal of a federal claim for lack of standing, a district court has "no authority to retain [supplemental] jurisdiction over . . . state law claims").

/ / /

/ / /

/ / /

---

[2] Defendant also argues that Kinney is not an individual who is "disabled" within the meaning of the ADA. ECF No. 31-1 at 8-9. Because the Court finds that Kinney lacks standing here based on his mental disability, the Court does not address whether Kinney's particular disability falls within the protection of the ADA. Defendant further notes that for injunctive relief, a plaintiff "must demonstrate a real [and] immediate threat of repeated injury in the future." Id. at 10 (internal quotation marks omitted) (quoting Chapman, 631 F.3d at 946). Because the Court finds that Kinney lacks standing to even bring an ADA claim, the Court does not address whether Kinney meets this requirement for injunctive relief.

5

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is granted. The Court concludes that permitting amendment would be futile. Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

IT IS SO ORDERED.

Dated: February 7, 2017

_____
JON S. TIGAR
United States District Judge